UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SWANSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TR MISSION MANAGEMENT LLC,<br><br>    Defendant. | Case No. 25-cv-02994-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Sara Swanson's motion for remand was scheduled for a hearing on June 6, 2025. Pursuant to Civil Local Rule 7-1(b), the Court determined that the matter is appropriate for resolution without oral argument, and VACATED the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Plaintiff Sara Swanson filed this lawsuit in San Francisco County Superior Court against her employer, TR Mission Management LLC ("TR Mission"), alleging that TR Mission discriminated against her and retaliated against her on account of her disability. Swanson has worked as a hotel restaurant server, and she is a member of a union governed by a collective bargaining agreement ("CBA"). Swanson claims that when she transitioned from working in the restaurant to the banquet department, she exercised her rights under the CBA to preserve in perpetuity the seniority she had earned in the restaurant ("frozen seniority"), and that the frozen seniority provided her with certain protections, including being able to "bump" employees with lesser seniority from restaurant shifts that she wanted to work. Compl. ¶¶ 43-45. Swanson wanted to be able to continue working some restaurant shifts after her transfer to the banquet department because she had the least seniority of

the banquet department employees. *Id*. ¶¶ 50-52.

In September 2023, Swanson requested and was provided a reasonable accommodation that allowed her to work in the smallest indoor section of the restaurant when she "bumped" other employees pursuant to her frozen seniority. *Id*. ¶¶ 53, 59. However, in February 2024, a new manager revoked this accommodation, and in March 2024, hotel management informed Swanson that it had "discovered the CBA is not being followed correctly in relation to using seniority to bump shifts. Effective 3/2/2024, . . . you will no longer be able to use your Restaurant Seniority to bump a less senior Restaurant Server unless you've been laid off for at least 30 days as outlined in the Redbook Section 5.1(a)." *Id*. ¶¶ 70, 87. Swanson claims that Section 5.1(a) of the CBA "was not relevant to the present situation," and that instead the applicable clause is found in Section 5(e) of the CBA, which relates to frozen seniority. *Id*. ¶¶ 88, 90.

Swanson contacted her union representative, and "[t]he dispute on the interpretation of this one aspect of the CBA went to mediation on 3/21/2024." *Id*. ¶ 96.[1] Swanson claims that she has been "denied her rights under the CBA" and that "[d]efendants have attempted to evade the protections provided to disabled workers, but the change in its interpretation of a single clause of the CBA was a mere pretext for its underlying illegal denial of Swanson's reasonable accommodation, in violation of public policy and the law." *Id*. ¶¶ 74, 100.

The complaint alleges seven causes of action under California law, including disability discrimination and harassment, retaliation, and failure to accommodate a disability. TR Mission removed this case to this Court on the basis of federal preemption under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Swanson moves to remand this case to state court.

**LEGAL STANDARD**

"Only . . . actions that originally could have been filed in federal court may be removed to

---

[1] The parties' papers do not state what happened at the mediation. The Court directs the parties to address the status of the mediation in the joint case management conference statement they will be filing in advance of the July 11, 2025 initial case management conference.

federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The bases for federal subject matter jurisdiction are (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. An "independent corollary" to the well-pleaded complaint rule is the "complete pre-emption doctrine." *Id*. at 393. Under that doctrine, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. "The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Id.*[2] If a state law cause of action is preempted by the LMRA, removal is proper. *See Jackson v. Southern Cal. Gas. Co.*, 881 F.2d 638, 646 (9th Cir. 1989) (holding removal of case from state court was proper where some but not all causes of action were preempted by the LMRA).

A motion to remand is the proper procedure for challenging removal. The party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

**DISCUSSION**

"A state law claim is not preempted under § 301 unless it necessarily requires the court to

---

[2] Section 301 provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

3

interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 693 (9th Cir. 2001); *see also Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112-13 (9th Cir. 1999) (holding state law retaliation/discrimination claim was preempted where female employees claimed employer "used a change in the Voluntary Travel provision of the CBA as a 'ruse' to oppose registration" of employees for certain positions because resolving claim would require interpreting CBA and did "not involve a free-standing claim of discrimination").

Swanson contends that her claims can be resolved "without deciding the merits of the CBA reinterpretation by the Defendant or interpreting the CBA in any way" and that "[w]e are simply seeking to look at how everyone acted." Motion at 6-7. Swanson argues that her claims are based on state law, not the CBA, and will require an examination of defendant's actions and motivations, not interpretation of the CBA.

TR Mission contends that removal was proper because the key disputes of Swanson's case require interpretation and analysis of whether the seniority and bumping provisions of the CBA were properly applied.

The Court concludes that at a minimum, Swanson's claim for retaliation requires interpretation of the CBA and is therefore preempted by Section 301 of the LMRA.[3] Under that cause of action, Swanson alleges that after she complained about the revocation of her accommodation, "Defendants reinterpreted a single clause of the CBA which resulted in her being prevented from working in the restaurant at all" and that "Defendants' reinterpretation of that single clause of the CBA was in a manner that conflicted with its prior longstanding practices, conflicted with the union's interpretation of the CBA, [and] conflicted with the interpretation used by all other union hotels in San Francisco." Compl. ¶¶ 143-44. She also alleges that TR Mission "re-interpret[ed] the CBA as pretext to protect themselves from the disability discrimination." *Id*. ¶ 146. In order to resolve the retaliation cause of action, the Court would be required to determine, *inter*

---

[3] The Court need not determine at this time which causes of action are preempted by the LMRA, as preemption of a single cause of action is sufficient for removal jurisdiction. *See Jackson*, 881 F.2d at 646.

*alia*, whose interpretation of the CBA was correct. *See Audette*, 195 F.3d at 1112-13. Because the retaliation claim is preempted by the LMRA, removal was proper.

## CONCLUSION

For the reasons set forth above, defendant's removal of this case was proper and therefore the Court DENIES Swanson's motion to remand.

**IT IS SO ORDERED**.

Dated: June 6, 2025

_____
SUSAN ILLSTON
United States District Judge